IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA LEE, | No. C 09-02176 SI |
|     Plaintiff, | **ORDER RE: PLAINTIFF'S DISCOVERY MOTION** |
|   v. | |
| KAISER FOUNDATION HEALTH PLAN LONG TERM DISABILITY PLAN, | |
|     Defendant, | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
|     Real Party in Interest. | |

This action arises from a claim for long-term disability benefits under ERISA, 28 U.S.C. § 1132. Presently before the Court is plaintiff Pamela Lee's request for an order compelling Metropolitan Life Insurance Company ("MetLife") to produce certain documents to supplement the administrative record. Plaintiff also seeks leave to conduct additional discovery on the issue of whether MetLife had a conflict of interest. The Court will address each request in turn.

**I.      Supplementing the Administrative Record**

First, plaintiff requests an order compelling MetLife to supplement the administrative record with documents related to plaintiff's claim for benefits under ERISA, including "(1) The Plan, and any internal operating rules of the Plan; (2) The Summary Plan Description; (3) The insurance policy, and . . . the application for the policy . . . ; and (5) if those documents do not delegate discretion [to determine eligibility for benefits] from the Plan to the insurer, then the paper trail by which the Plan

delegated discretion," including, if applicable, a resolution of Kaiser's board of directors. Plaintiff also seeks production of all other documents that are "relevant" to her claim for benefits, as defined in the relevant regulations. *See* 29 C.F.R. § 2560.503-1(m)(8).

As a general rule, a district court reviewing the denial of benefits under ERISA may not consider evidence outside the administrative record. *Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 382 F.3d 897, 904 (9th Cir. 2004). Relying on that basic rule, MetLife contends plaintiff is not entitled to receipt of any document MetLife has not already produced as part of the administrative record. However, the administrative record should consist of the record that was before the plan administrator at the time it made its decision on the claim for benefits. *Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 732 n.2 (9th Cir. 2006). At the very least, the record should therefore contain the Kaiser Plan documents, and any associated internal rules and regulations, the Summary Plan Description, and plaintiff's insurance policy. To the extent these documents have not already been produced to plaintiff, MetLife is ordered to produce them **no later than January 8, 2010** and include them in the administrative record to be filed with the Court.[1]

## II.   Conflict of Interest

Plaintiff further seeks leave to conduct discovery to determine whether MetLife had a conflict of interest due to the fact that it both determined plaintiff's eligibility for benefits and was responsible for paying those benefits. Contrary to the general rule limiting the scope of the record in ERISA actions, a court may consider evidence outside the administrative record "when the court must determine if a plan administrator's decision was affected by a conflict of interest." *Banuelos*, 382 F.3d at 904. In cases involving a potential conflict of interest, the court may authorize discovery for the limited purpose of determining the nature and impact of that conflict. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007).

Plaintiff seeks leave to conduct discovery in eight specific categories outlined in her letter brief.

---

[1] Plaintiff's contention that she is entitled to all "relevant" documents, within the meaning of 29 C.F.R. § 2560.503-1(m)(8), is misplaced. That regulation pertains to the documents a claim administrator must provide to a claimant after an adverse benefits determination, and does not govern MetLife's discovery obligations at this stage. *See id.* § 2560.503-1(h)(2)(iii), (j)(3).

2

Apparently based on past experience with MetLife, plaintiff asserts that she expects the proposed discovery "to meet extensive objections" and asks the Court to "rule on the propriety of the specific questions as much as possible in advance." Plaintiff also seeks a hearing to discuss the sixth proposed discovery category, the depositions of medical reviewers.

The Court agrees with plaintiff that she is entitled to conduct discovery on the issue of MetLife's potential conflict of interest. However, the Court is disinclined to issue a prospective ruling as to the propriety of plaintiff's proposed categories of discovery. Plaintiff must propound her discovery requests in the normal course, and if any specific requests are met with objections that the parties are unable to resolve through the meet-and-confer process, plaintiff may file targeted discovery motions with the Court. If the parties require a continuance of the hearing on the motions for summary judgment, presently scheduled for February 26, 2009, they may enter into a stipulation or file a request for a continuance.

**IT IS SO ORDERED.**

Dated: December 29, 2009

SUSAN ILLSTON
United States District Judge