IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA LEE,<br><br>    Plaintiff,<br><br>  v.<br><br>KAISER FOUNDATION HEALTH PLAN LONG TERN DISABILITY PLAN,<br><br>    Defendant,<br>_____/<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>    Real Party in Interest.<br>_____/ | No. C 09-02176 SI<br><br>**ORDER RE: PLAINTIFF'S MOTION TO COMPEL, DEFENDANT'S MOTION TO STRIKE**<br><br>**(Docket Nos. 40, 47)** |

By order dated December 29, 2009, the Court ordered real party in interest Metropolitan Life Insurance Company ("MetLife") to supplement the administrative record in this ERISA action with documents related to plaintiff Pamela Lee's claim for disability benefits, including the Kaiser Plan documents, related internal rules and regulations, the Summary Plan Description, and plaintiff's insurance policy. The Court also granted plaintiff leave to conduct discovery on the issue of whether MetLife had a conflict of interest based on the fact that it both determined plaintiff's eligibility for benefits and was responsible for paying those benefits.

Plaintiff now moves to compel MetLife to produce documents responsive to the Court's December 29, 2009 order regarding supplementation of the record, and documents and information responsive to a number of requests purportedly related to the conflict of interest issue.

## I. Supplementation of the record

First, plaintiff moves to compel MetLife to produce documents responsive to Document Requests 1-3, which according to plaintiff are necessary to comply with this Court's order requiring MetLife to supplement the record with documents reflecting MetLife's internal rules and regulations. In particular, plaintiff seeks certain documents purportedly identified in testimony given in 2005 and 2007 by three MetLife employees during their depositions in other cases.[1] According to MetLife, however, it has already informed plaintiff that there are no remaining rules and regulations to be produced. The motion to compel a response to Document Requests 1-3 is therefore DENIED.

## II. Physician bias issue

The first category of discovery requests propounded by plaintiff in connection with the conflict of interest issue concerns physician bias. Plaintiff seeks discovery with respect to three of MetLife's physician consultants, Dr. Schroeder, Dr. Topper and Dr. Murphy.

### A. Dr. Schroeder

Document Requests 4-9 and Interrogatories 5-7 seek documents and information relating to the supposed "bias" of Dr. Schroeder. As MetLife points out, Dr. Schroeder found that plaintiff was disabled as a result of impairments based on chronic pain, fatigue, and depression, and MetLife approved plaintiff's claim for 24 months based on Dr. Schroeder's report. Plaintiff cannot plausibly claim that she is entitled to discovery related to a supposed "bias" on Dr. Schroeder's part. The motion to compel responses to these document requests and interrogatories is therefore DENIED.

---

[1] MetLife moves to strike the deposition excerpts submitted as Exhibits 9, 10, and 11 to plaintiff's letter brief on multiple grounds, including that they have not been authenticated, are inadmissible hearsay, and are irrelevant to plaintiff's claims. The motion to strike is DENIED (Docket No. 47), but the Court agrees with MetLife that the depositions do not support plaintiff's discovery requests.

2

**B.      Drs. Topper and Murphy**

### 1.      Contracts; Doctors' Qualifications; Division of Time

Plaintiff also seeks documents and information for two other physician consultants, Dr. Topper and Dr. Murphy. Plaintiff has failed to explain how the contracts between the physicians and MetLife are relevant to the bias issue. The motion to compel responses to Document Requests 10 and 16 is therefore DENIED.

In response to the requests regarding the doctors' qualifications, MetLife has produced copies of each doctor's CV. As this production was responsive to the requests, the motion to compel is also DENIED as to Document Requests Nos. 8, 14, and 20.

Interrogatories 9 and 13 asked MetLife to state how much of each doctor's time was spent writing reports as opposed to treating patients. MetLife has already responded that it does not have this information. The motion to compel is therefore DENIED as to these interrogatories as well.

### 2.      Payment Information

Document Requests 11-12 and 17-18 seek documents reflecting the amount of money MetLife and "MetLife vendors" paid the doctors for work done in the years 2004-2008. Interrogatories 11 and 15 asked MetLife how much it paid Drs. Topper and Murphy for their reports in this case. The Court agrees with plaintiff that payment information could be relevant to the conflict of interest issue. MetLife has stated that it has no responsive documents to produce in response to the document requests, so none will be ordered. However, responses to the interrogatories will be ordered. The motion to compel must therefore be DENIED with respect to Interrogatories 11 & 15 and Document Requests 11-12 & 17-18.

### 3.      Standards

Document Requests 15 and 21 seek documents reflecting the standards provided by MetLife for the doctors to follow in assessing disability claims relating to impairment due to the subjective factors

3

of pain and fatigue. These documents are relevant to the conflict issue. *See Santos v. Quebecor World Long Term Disability Plan*, No. 08-565, 2009 WL 1362696, at *3 (E.D. Cal. May 14, 2009) ("The documents that would be relevant to such an inquiry are documents that emphasize cost savings in reviewing a claim, encourages denials, requires denials as a matter of course, emphasizes that denying claims saves the administrator money, or explain how to view certain symptoms, conditions, or evidence."). In addition, MetLife has not shown that it will be overly burdensome for it to produce these documents. The motion to compel is therefore GRANTED with respect to Document Requests Nos. 15 and 21. To the extent MetLife is concerned about public disclosure of its confidential business documents, it may seek an appropriate protective order from the Court or enter into a stipulation with plaintiff.

### 4. Disability Reports

Document Requests 13 and 19 ask MetLife to produce the disability reports prepared by each doctor in the past five years. Although the Court agrees that this information may be relevant to the bias issue, the Court is concerned about the burden of producing the documents requested. The parties are therefore directed to <u>meet and confer by July 30, 2010 to agree upon a less burdensome production that will nonetheless provide plaintiff with the information she seeks.</u>

Interrogatories 10 and 14 seek information on the percentage of reports in which each doctor determined that the claimant was disabled. MetLife objects to these requests on the ground that such "raw numbers" are not probative of the existence of bias. Plaintiff has pointed to a case, however, in which the Ninth Circuit found that such "raw data" concerning a physician's rate of finding disability, taken in combination with other factors, was sufficient to support a jury's finding of bias. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1011 (9th Cir. 2004). Although the numbers may well be insufficient to prove bias if plaintiff cannot uncover any other evidence of ill motive, the requests meet the minimum relevancy threshold necessary at this time to justify discovery. The motion to compel is therefore GRANTED as to Interrogatories 10 and 14.

### III. Claims Adjuster Bias

Interrogatories 16-18 seek information regarding the "objective" findings MetLife has accepted as proof of impairment due to chronic pain and fatigue, the materials informing claims reviewers of these standards, and MetLife's procedures for ensuring that all claimants claiming such impairments are treated alike. Document Request 23 seeks documents reflecting MetLife's quality control standards and the procedures by which it ensured that its claims reviewers decided claims accurately. The Court agrees with plaintiff that these materials are relevant to the conflict of interest issue, for the reasons stated above. *See Santos*, 2009 WL 1362696, at *3; *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008) (information relevant to conflict of interest issue includes whether "the administrator has given inconsistent reasons for denial, has failed adequately to investigate a claim or ask the plaintiff for necessary evidence, or has repeatedly denied benefits to deserving participants by interpreting plan terms incorrectly") (quotation marks and citation omitted). To the extent MetLife has in its possession documents responsive to Interrogatory 18 and Document Request 23, the motion to compel is GRANTED; MetLife may seek or stipulate to an appropriate protective order if necessary. MetLife objected to Interrogatories 16 and 17, however, on the ground that they assume all persons with pain- or fatigue-related impairments *should* be treated alike during the review process. Plaintiff did not address this objection in her letter brief, and the Court finds that the objection was valid. The motion to compel is therefore DENIED as to Interrogatories 16 and 17.

### IV. Claims Manual

Plaintiff also moves to compel responses to Document Request No. 22, which seeks a copy of MetLife's claims manual. MetLife has appropriately objected that production of the entire claims manual is too broad to meet the relevance threshold, will be far too burdensome, and will require production of proprietary information. The motion to compel a response to Document Request No. 22 is therefore DENIED. *See Santos*, 2009 WL 1362696, at *3 ("With respect to the claims manual or the other documents utilized in reviewing the claim, such documents must be able to shed light on the nature, extent, and effect of Hartford's inherent conflict of interest. . . . Providing all internal rules or the entire claims manual or all protocols is simply too broad."); *Cohen v. Metro. Life Ins. Co.*, No. 00-

6112, 2003 WL 1563349, at *1 (S.D.N.Y. Mar. 26, 2003) ("MetLife's evidence shows that the Manual consists of confidential commercial information, valuable to MetLife and potentially valuable to its competitors who could take unfair advantage of MetLife's substantial analytical and experiential investment by using the material to achieve efficiencies in their claims handling operations").

## V.     Statistics

The final category encompassed by plaintiff's motion concerns statistics regarding MetLife's payment of disability benefits claims and its policies concerning eligibility for and payment of bonuses for its claim reviewers. Specifically, Document Requests 27-31 seek statistics prepared by MetLife from 2005-2009 concerning disability benefit claims; management reports containing statistics such as the amount of revenue generated, the number of claims filed and approved, the amount paid out in benefits, and historical changes in revenue; management reports addressing ways in which MetLife could maximize profits; management reports addressing disability claims experiences of companies other than MetLife; and reports to investors concerning MetLife's performance. Interrogatories 19 and 20 seek information regarding MetLife's share of the disability insurance market within the Northern District of California and regarding whether, from 2007-2009, MetLife's claims adjusters were paid or given bonuses based on the company's financial performance.

MetLife responded to Document Request 30 (seeking investor reports) and to Interrogatory 19 (seeking information about its market share) that it has no responsive documents or information. Accordingly, the motion to compel is DENIED with respect to those requests. MetLife responded to Interrogatory 20, regarding claim adjuster compensation, that its "claim specialists receive no compensation, awards, bonuses, other financial benefits or performance recognition based upon either the value or the number of the claims they deny or terminate." Plaintiff fails to explain why that response is insufficient. The motion to compel a further response to Interrogatory 20 is thus DENIED.

With respect to the remaining requests, MetLife does not argue that the requests seek information irrelevant to the conflict of interest issue; rather, MetLife objects to the requests on the ground they seek confidential business information. As stated above, MetLife may seek an appropriate protective order to protect its privacy concerns. To the extent MetLife has documents and information

6

responsive to the requests in its possession, the motion to compel is GRANTED as to Document Requests 27-29 and 31.

## CONCLUSION

For the foregoing reasons, and for good cause shown, the Court hereby rules as follows with respect to the motion to compel (Docket No. 40):

The motion is GRANTED as to Document Request Nos. 15, 21, 23, 27-29 & 31 and Interrogatory Nos. 10, 11, 14, 15 and 18. Defendant shall produce materials responsive to these requests no later than July 30, 2010.

The parties are directed to meet and confer no later than July 30, 2010 regarding Document Request Nos. 13 & 19.

The motion is DENIED with respect to all remaining document requests and interrogatories (Document Request Nos. 1-12, 14, 16-18, 20, 22, 30; Interrogatory Nos. 5-7, 9, 13, 16-17, 19-20).

Additionally, defendant's motion to strike Exhibits 9, 10, and 11 to plaintiff's letter brief is DENIED. (Docket No. 47).

**IT IS SO ORDERED.**

Dated: July 14, 2010

SUSAN ILLSTON
United States District Judge