**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA LEE, | No. C 09-02176 SI |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND AMENDING JULY 14, 2010 ORDER RE: PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| KAISER FOUNDATION HEALTH PLAN LONG TERM DISABILITY PLAN, | |
| Defendant. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Real Party in Interest. | |

Defendant Kaiser Permanente Flexible Benefits Plan and real party in interest Metropolitan Life Insurance Company (collectively "defendants") seek leave for file a motion for reconsideration of a portion of the Court's July 14, 2010 Order Re: Plaintiff's Motion to Compel (Docket No. 48). Specifically, defendants wish to challenge the Court's ruling compelling them to produce statistical information responsive to Document Requests 27, 28, 29 & 31. *See* July 14 Order at *6. Defendants assert that the Court erred by stating that defendants did not object to these requests on grounds of relevance, and ruling on the motion to compel solely on the basis of defendants' objections regarding the confidential nature of the information sought.

The motion for leave to file a motion for reconsideration is DENIED as unnecessary. Although the Court wrongly stated in the July 14 Order that defendants had failed to object to the requests on

grounds of relevance, the Court now finds that the information sought is relevant to the conflict of interest issue. The Court believes, however, that defendants' additional objection regarding the burden of producing the information sought is well-taken. Accordingly, the last paragraph in the July 14, 2010 Order, beginning at the bottom of page 6, is hereby AMENDED as follows:

> With respect to the remaining requests, MetLife first objects on the ground the information sought is irrelevant to the conflict of interest issue. The Court disagrees. The information sought, in particular the statistics pertaining to claim approval and maximization of profits, meet the minimum level of relevance sufficient to warrant production. Additionally, to the extent the requests seek confidential business information, MetLife may seek an appropriate protective order to protect its privacy concerns. The Court has reviewed the document requests at issue, however, and believes that in view of the burden to MetLife, document requests are not the most appropriate means of obtaining the information plaintiff seeks. Plaintiff is therefore directed instead to frame interrogatories to MetLife regarding the statistical information.

The remainder of the July 14 Order shall be unchanged.

**IT IS SO ORDERED.**

Dated: July 29, 2010

SUSAN ILLSTON
United States District Judge